UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-20401-CIV-SEITZ/SIMONTON

LAURENT FERNANDES,

    Plaintiff,

v.

HOLLAND AMERICAN LINE,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Laurent Fernandes, a seaman aboard the Holland American Line cruise ship M/V Oosterdam, has sued Holland for injuries he sustained while moving and lifting heavy objects onboard the ship. Holland seeks to compel arbitration of Fernandes's claims in India under the law of the British Virgin Islands pursuant to an arbitration clause in the parties' employment agreement. Fernandes objects and argues that the arbitration clause is void as against public policy because the choice of venue and choice of law provisions operate in tandem to deprive him of his statutory rights. After reviewing the motion, the response and reply thereto, and the record, the Court will grant Holland's motion to compel arbitration.

I.    **BACKGROUND**

On March 19, 2009, Fernandes executed a Seagoing Employment Agreement ("Agreement") with Holland, which incorporated by reference certain "Terms and Conditions." *See* Def.'s Mot., Ex. A [DE-6-1]. The Terms and Conditions provided that *all* disputes shall be governed by the Laws of

the British Virgin Islands.[1] *Id.* at ¶9A. The Terms and Conditions also provided that any disputes arising from Fernandes's employment shall be referred to arbitration in his country of citizenship - India. *See id.* Approximately seven days after the parties signed the Agreement, Fernandes injured his back as a result of "heavy moving and lifting." Compl., ¶12 [DE-1]. Fernandes filed suit in this Court[2] asserting claims for (1) Jones Act Negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; and (4) failure to provide prompt medical care. *See id.* ¶¶ 9-33. Now before the Court is Holland's motion to compel arbitration of all four claims pursuant to the Agreement.

## II. LEGAL ANALYSIS

The United States Supreme Court has expressed a liberal federal policy favoring the enforcement of arbitration provisions. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625 (1985). As stated by the Court, "the concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce [international arbitration agreements], even assuming that a contrary result would be forthcoming in a domestic context." *Id.* at 629. The parties agree that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") guides the Court's analysis.[3] Under the

---

[1]That the parties' Agreement provides <u>all</u> claims will be governed by foreign law could provide a basis to dismiss this case on forum non conveniens grounds. *See Vesuna v.C.S.C.S. Intern., N.V.*, 2009 WL 4543319 (S.D. Fla. Nov. 30, 2009). The parties, however, have not raised this issue with the Court.

[2]Though the parties never address this Court's jurisdiction in their papers, the Court has independently evaluated the jurisdictional issue and concluded that jurisdiction over the parties and subject matter exists.

[3]The Convention is a multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states" *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1116 (11th Cir. 2009).

Convention, this Court engages in a "very limited inquiry" when deciding motions to compel arbitration. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005). The Court must compel arbitration unless one of the Convention's jurisdictional prerequisites are not met or one of the Convention's affirmative defenses applies. *See id.* Fernandes maintains that the Court should apply the "void as against public policy" affirmative defense under Article V(2)(B) of the Convention to preclude arbitration.[4] Fernandes has the burden to prove that the affirmative defense applies. *See Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n.3 (11th Cir. 2004); *Four Seasons Hotels and Resorts B.V. v. Consorcio Barr*, 613 F.Supp.2d 1362, 1367 (S.D.Fla. 2009).

Relying on *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), Fernandes objects to the arbitration of his claims in India under the laws of the British Virgin Islands. He argues that under *Thomas* an arbitration provision that forces him to "waive his American legal rights in a forum that must apply non-U.S.law" is void as against public policy. Fernandes directs the Court to the opinions of several other Judges from this District applying *Thomas* to defeat motions to compel arbitration. *See* Pl.'s Resp., pp. 6-14. Holland disagrees and asserts that *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005),[5] decided before *Thomas*, and this Court's ruling in *Bulgakova v. Carnival Corporation*, No. 09-20023-PAS, 2010 WL 5296962 (S.D. Fla. Feb. 26, 2010), decided after *Thomas*, both support arbitration of Fernandes' claims.

---

[4]Although not actually identified as an affirmative defense in the Convention, the *Thomas* court nonetheless treated it as an affirmative defense. 573 F.3d at 1124. The text of the Convention provides as follows:
> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that ... [t]he recognition or enforcement of the award would be contrary to the public policy of that country.

*See* Convention, art. V(2)(b), T.I.A.S. No. 6997, 21 U.S.T. 2517 1970 WL 104417.

[5]In *Bautista*, the Eleventh Circuit affirmed this Court's Order (*Bautista v. Star Cruises*, 286 F.Supp.2d 1352 (S.D.Fla. 2003)) compelling arbitration in the Philippines under Filipino procedural rules of a Jones Act Negligence claim and non-statutory claims.

The question posed in this case has divided the Judges of this District since the Eleventh Circuit decided *Thomas*. Judge Graham and this Court have read *Thomas* to present no obstacle to compelling arbitration of Jones Act and non-statutory claims under foreign law before a foreign tribunal. *See, e.g. Bulgakova*, at * 4(relying on *Bautista* to compel arbitration of Jones Act claim under Panamanian law in a foreign jurisdiction).[6] Other Judges, however, have read *Thomas* to bar arbitration of Jones Act claims and non-statutory claims where a foreign tribunal will apply foreign law.[7] *See, e.g. Sivanandi v. NCL (Bahamas) Ltd.*, 2010 WL 1875685, No. 10-20296-UNGARO (S.D.Fla. April 15, 2010).[8] A number of these decisions are currently on appeal before the Eleventh Circuit.[9] With all due respect to the Judges concluding otherwise, the Court continues to believe that *Thomas* poses no obstacle to compelling arbitration of Fernandes' Jones Act and non-statutory claims. *Thomas* involved a request to enforce the arbitration of a single Seaman's Wage Act claim in the Philippines under Panamanian law. Relying on *Mitsubishi Motors*, the court refused to compel arbitration of the Wage Act claim because the choice of law and choice of forum provisions operated

---

[6] *See also Pineda-Lindo v. NCL (Bahamas) Ltd.*, No. 09-22926-GRAHAM (S.D.Fla. Dec. 18, 2009)(relying on *Bautista* to compel arbitration of Jones Act claim under Bahamian law in Nicaragua); and *Henriquez v. NCL (Bahamas) Ltd.*, No. 09-21950-GRAHAM (S.D. Fla. Nov. 19, 2009)(same).

[7] Although Holland complains that Fernandes devoted an "inordinate portion of his response highlighting district court orders that have declined to compel arbitration[,]" the Court views the decision to proceed in this manner as a subtle way to indirectly argue that this Court decided *Bulgakova* incorrectly.

[8] *See also Pavon v. Carnival Corp.*, No. 09-22935-LENARD (S.D.Fla. Jan. 20, 2010) (remanding seaman's Jones Act claims in part because to arbitrate such claims would contravene public policy); *Kovacs v. Carnival Corp.*, 2009 WL 4980277, No. 09-22630-HUCK (S.D.Fla. Dec. 21, 2009) (against public policy to compel arbitration of seaman's Jones Act claim where Panamanian law governed); *Sorica v. Princess Cruise Lines, Ltd.*, No. 09-20917-HUCK (S.D.Fla. Aug. 4, 2009) (recognizing that a provision providing for arbitration under Bermuda law in a Bermuda forum of a Jones Act claim is void under the *Thomas* analysis).

[9] The *Henriquez* and *Pineda-Lindo* appeals were orally argued before the Eleventh Circuit on March 22, 2011, and await the issuance of opinions. The Eleventh Circuit has stayed appeals in similar cases in the interests of judicial efficiency pending issuance of mandates in *Henriquez and Pineda-Lindo*. *See, e.g., Willis v. Carnival Corp.*, No. 10-12491-CC (11th Cir. April 19, 2011)(order staying appeal).

in tandem to deny the seaman of his statutory remedy, specifically the Wage Act's treble damages provisions. 573 F.3d at 1123. The *Thomas* court recognized that, because the Seaman's Wage Act claim was the *only* claim left to arbitrate, there was no assurance of an "opportunity for review" at the award enforcement stage:

> [I]n this case Thomas would only be arbitrating a single issue-the Seaman's Wage Act claim, one derived solely from a U.S. statutory scheme. If, applying Panamanian law, Thomas receives no award in the arbitral forum-a distinct possibility given the U.S. based nature of his claim-he will have nothing to enforce in U.S. courts, which will be deprived of any later opportunity to review.

*Id.* at 1123-24.

Unlike *Thomas*, arbitration in this case would involve more than a single U.S. statutory claim; Fernandes asserts a Jones Act claim and three non-statutory claims (unseaworthiness, failure to provide maintenance and cure, and failure to provide prompt medical care). Even assuming the laws of the British Virgin Islands would nullify his statutory claim, Fernandes failed to establish that his non-statutory claims would suffer a similar fate.[10] In his brief, Fernandes merely concludes, without citation to any law or decision of the British Virgin Islands, that "none of the claims presented by Plaintiff would be cognizable under the laws of the British Virgin Islands." Pl.'s Resp., p. 5 [DE-8]. This bald assertion, completely unsupported by analysis or evidence, provides no basis for this Court to conclude that a distinct possibility exists that Fernandes will receive no award in the arbitral forum. *Thomas*, 573 F.3d at 1123-24. As in *Bautista*, even if the Jones Act claim will not give rise to an arbitral award, the non-statutory claims, like the unseaworthiness claim, are readily arbitrable even assuming the preclusive effect of foreign law on U.S. statutory claims. *See Bautista*, 396 F.3d at 1303

---

[10]Fernandes failed to comply with Federal Rule of Civil Procedure 44.1's notice requirements concerning foreign law. He has further failed to demonstrate that the laws of the British Virgin Islands will prevent him from advancing a Jones Act claim or any of his non-statutory claims. *See* FED. R. CIV. P. 44.1.

("Plaintiffs have options beyond [Jones Act] tort claims; they complain that NCL failed in one of its central duties as an employer and shipowner, i.e., to provide a seaworthy vessel").

The Court also rejects Fernandes' expansive reading of *Thomas*. Fernandes argues, and other district judges have found, that *Thomas* should not be limited to Seaman's Wage Act Claims. *See, e.g., Govindarajan v. Carnival Corp.*, 09-23386-JORDAN (S.D. Fla. Aug. 17, 2010). Fernandes maintains that those Judges have correctly concluded that *Thomas* also applies to Jones Act claims and non-statutory claims. This argument not only renders *Bautista* superfluous, but it ignores the plain language of the Convention and rationale supporting the *Thomas* and *Mitsubishi Motors* decisions. This argument tilts the import of *Thomas* from a correct one - identifying arbitration agreements that contravene public policy - to an oversimplified, incorrect one - the wholesale invalidation of arbitration agreements possessing a foreign choice of law clause. The Convention and the above-mentioned decisions should not be read so broadly.

The text of the Convention is straightforward and provides that a court may refuse to recognize and enforce arbitration awards that are against public policy:

> Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that ... [t]he recognition or enforcement of the award would be contrary to the public policy of that country.

*See* Convention, art. V(2)(b). In a footnote in *Mitsubishi Motors*, the Supreme Court acknowledged that certain arbitration agreements involving antitrust claims under the Sherman Act are against public policy. "[I]in the event the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies for antitrust violations, we would have little hesitation in condemning the agreement as against public policy." 473 U.S. at 637 n.19. The cases cited by the Court to support this pronouncement all recognize the well-settled rule that it is against public policy to prospectively waive a private party's right to pursue treble damages for

6

subsequent antitrust violations. *Id.* (citing *Redel's Inc. v. General Electric Co.*, 498 F.2d 95, 98-99 (5th Cir. 1974)). *Thomas* emphasized this aspect of *Mitsubishi Motors* as it relates to Seaman's Wage Act claims. The *Thomas* court stated:

> This inability to bring a Seaman's Wage Act claim certainly qualifies as a "prospective waiver" of rights, including one of a private litigant's "chief tools" of statutory enforcement-the Act's treble-damages wage penalty provision for late payments, *see, e.g., Mitsubishi*, 473 U.S. at 635 ("The treble-damages provision wielded by the private litigant is a chief tool in the antitrust enforcement scheme, posing a crucial deterrent to potential violators.")

573 F.3d at 1123.

There has been no argument in this case that Fernandes' Jones Act claim implicates the policy concerns identified in *Thomas* and *Mitsubishi Motors*. Fernandes has not suggested that the Jones Act gives rise to a private cause of action as part of a statutory enforcement scheme designed to deter potential violators. Nor has he identified any other case law that would allow this Court to conclude that the Agreement violates public policy. *Thomas* and *Mitsubishi Motors* therefore do not require this Court to reject the parties' Agreement on public policy grounds.

### III. CONCLUSION

The burden belonged to Fernandes to demonstrate that the choice of law and venue provisions in his Agreement operated in tandem to deprive him of an arbitral award. Because Fernandes failed to satisfy that burden, and consistent with the Eleventh Circuit's decision in *Bautista*, the Court will grant the motion to compel arbitration.[11] Accordingly, it is hereby

ORDERED THAT

(1) Defendant Holland American Line, Inc.'s Motion to Dismiss and Compel Arbitration [DE–6] is GRANTED IN PART. The motion is GRANTED to the extent that Laurent Fernandes and Holland must submit to arbitration in India pursuant to the laws of the

---

[11] The Court finds no support for, and must reject, Fernandes' suggestion that the Jones Act precludes arbitration.

7

        British Virgin Islands;

(2)     This Court retains jurisdiction over this matter to consider timely motions to enforce or confirm any arbitral award pursuant to the Convention;

(3)     All pending motions not otherwise ruled upon are DENIED AS MOOT; and

(4)     This case is CLOSED for administrative purposes, pending resolution of arbitration.

DONE and ORDERED in Miami, Florida this _15th_ day of June, 2011.

                                              PATRICIA A. SEITZ

cc: All Counsel of Record         UNITED STATES DISTRICT JUDGE